IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY DONNELL HARRIS JR.,

                Plaintiff,

v.

JEFFREY C. MANLOVE and AMY GUNDERSON,

                Defendants.

ORDER

17-cv-362-jdp

---

    Plaintiff Larry Donnell Harris Jr., appearing pro se, is a prisoner currently housed at the Waupun Correctional Institution. Harris was convinced to undergo a blood draw after he was accused of punching a correctional officer. He alleges that prison officials violated his rights under the Fourth and Fourteenth Amendments when they misled him about the scope of a blood draw—he was told that he would be tested for HIV but he was also tested for hepatitis—and the intended use of the results.

    Harris has filed a motion for reconsideration of one aspect of my order screening his complaint. Dkt. 17. I granted Harris leave to proceed on a Fourteenth Amendment due process claim, invoking *Turner v. Safley*, 482 U.S. 78, 89 (1987). Dkt. 15, at 5–6. But in asking for reconsideration, Harris says that his claims should instead be considered under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). I take him to be saying that because he never explicitly agreed to be tested for hepatitis, his case is similar to others in which an inmate refused medical treatment but was still forced to receive treatment. Before an inmate's refusal can be overridden by prison staff, the inmate is guaranteed process, the contours of which are analyzed under *Mathews*. *See, e.g.*, *Washington v. Harper*, 494 U.S. 210, 229 (1990); *In re Saenz*, 2007 WI App 25, 299 Wis. 2d 486, 728 N.W.2d 765. Harris says that he did not receive any process due

someone who refuses a blood draw, such as circuit court proceedings contemplated by the DOC procedure he discussed in his complaint, so I will grant his motion for reconsideration and consider his claim as one under *Mathews*.

Harris has also filed a motion for leave to file an amended complaint, Dkt. 24, along with a proposed amended complaint, Dkt. 25. Under Federal Rule of Civil Procedure 15, Harris was within his time to amend his pleading as a matter of course, so I will consider the amended complaint as the operative pleading. His only material amendment is an additional Fourth Amendment theory.

I granted Harris leave to proceed on Fourth Amendment theories that defendants Manlove and Gunderson misled Harris into thinking that (1) he was being tested only for HIV when he was really tested for hepatitis as well; and (2) the correctional officer would receive the results to allay his fears of infection, which was the reason that Harris agreed to consent to the draw. Harris now says that he means to bring a Fourth Amendment claim under the theory that Manlove and Gunderson's decision not to disclose the test results to either the correctional officer or the officer's doctor shows that there was never a reason to conduct a draw in the first place. I take Harris to be saying that Manlove and Gunderson knew that the officer had not actually been placed in enough danger to warrant the draw, yet they pressured Harris to agree to it anyway. Because this is another reason that Harris believes that defendants misled him into consenting to the bodily intrusion involved in a blood draw, I will allow him to proceed on this new theory.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for reconsideration, Dkt. 17, is GRANTED.

2. Plaintiff's motion for leave to amend his complaint, Dkt. 24, is GRANTED.

3. Plaintiff is GRANTED leave to proceed on the Fourth Amendment and Fourteenth Amendment theories discussed in the order screening plaintiff's original complaint, Dkt. 15, and this order.

Entered February 4, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge