IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LARRY D. HARRIS,

                 Plaintiff,                                  ORDER

    v.

                                                    17-cv-362-jdp

JEFFREY C. MANLOVE and AMY GUNDERSON,      Appeal No. 19-2849

                 Defendants.

---

Plaintiff Larry D. Harris alleged that defendant prison officials violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution when they misled him about the scope of a blood draw and the intended use of the results. On September 11, 2019, I entered an order granting defendants' motion for summary judgment and dismissing this case. Dkt. 69. Judgment was entered on that same day. Dkt. 70. Harris has filed a notice of appeal, Dkt. 72, a motion for leave to proceed in forma pauperis on appeal, Dkt. 73, and a motion asking the court to certify that his appeal is not frivolous, Dkt. 79.

A district court has authority to deny a request for leave to proceed in forma pauperis for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith, or the litigant is a prisoner and has three strikes. 28 U.S.C. § 1915; Fed. R. App. P. 24(a)(3); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998). I conclude that Harris has established his indigence. Further, he does not have three strikes against him and I do not intend to certify that his appeal is taken in bad faith. I conclude that Harris is eligible to proceed in forma pauperis.

I'll deny Harris's motion for certification of his appeal as non-frivolous because it duplicates the bad-faith analysis of his in forma pauperis request. He appears to have filed this

motion because wants "the transcripts/records" created in these proceedings. Dkt. 79. But he filled out a transcript-request form explicitly stating that he does not want to order any transcripts. *See* Dkt. 75. Harris does not need to be concerned about preparation of this court's record, as the court of appeals has access to this court's docket and will obtain any documents it deems necessary during the appeal process.

Under 28 U.S.C. § 1915(b)(1)–(2), indigent inmates are required to pay the full amount of the $505 docketing fee for a notice of appeal in increments, starting with an initial partial payment. Based on Harris's inmate trust fund account statement, it appears that Harris is able to make an initial partial payment of $44.04, which will be due no later than October 29, 2019. Thereafter, Harris shall pay the remainder of the $505 fee in monthly installments in accordance with 28 U.S.C. § 1915(b)(2).

If the balance in Harris's regular account is not sufficient to make the initial partial appeal payment, arrangements will have to be made by Harris with prison authorities to pay some or all of the fee from his release account. The only amount Harris must pay at this time is the $44.04 initial partial payment.

ORDER

IT IS ORDERED that:

1. Plaintiff Larry Harris's request for leave to proceed in forma pauperis on appeal, Dkt. 73, is GRANTED. The court certifies that Harris's notice of appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3).

2. Harris's motion for the court to certify his appeal as non-frivolous, Dkt. 79, is DENIED as unnecessary.

3. Harris may have until October 29, 2019, to submit a check or money order made payable to the clerk of court in the amount of $44.04. If by October 29, 2019, Harris fails to pay the initial partial appeal payment, or show cause for failure to do so, then I will advise the court of appeals of Harris's noncompliance in paying

the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

4. The clerk of court is requested to ensure that the court's financial records reflect Harris's obligation to pay the $44.04 initial partial payment and the $505 appeal fee for this case.

Entered October 8, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge